## FERGUSON v. ROBERTSON.

No. 3562. Decided April 5, 1921. (197 Pac. 225.)

1. DESCENT AND DISTRIBUTION—CONTRACT HELD NOT ON ITS FACE BINDING ON HEIR NOT THEREIN PROMISING TO PAY. An agreement

by widow to sell her life interest in property left by deceased husband to other heirs, reciting that she was to receive $500, but nowhere containing a promise by a defendant heir to pay, *held* not on its face a binding agreement as to such defendant.

2. APPEAL AND ERROR—VERDICT ON CONFLICTING EVIDENCE CONCLUSIVE. Where evidence was conflicting as to an oral agreement, verdict for defendant is conclusive.

3. APPEAL AND ERROR—GROUND OF MOTION FOR NEW TRIAL ATTACKING SUFFICIENCY OF EVIDENCE MUST BE SPECIFIC. A ground of motion for new trial that evidence is insufficient to support the verdict, not pointing out wherein the evidence is insufficient, presents nothing for review.[1]

Appeal from District Court, Fourth District, Utah County; *A. B. Morgan*, Judge.

Action by Christopher A. Ferguson, administrator of the estate of Ann Robertson, deceased, against Heber T. Robertson. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*M. R. Straw*, of Provo, for appellant.

*Parker & Robinson*, of Provo, for respondent.

GIDEON, J.

Plaintiff, as administrator of the estate of Ann Robertson, deceased, seeks by this action to recover a money judgment against the defendant Heber T. Robertson.

A brief statement of the facts out of which this controversy arose will assist in a better understanding of this opinion.

It appears that Ann Robertson was the widow of William Robertson, deceased; also that William Robertson died in Spanish Fork, Utah county, this state, on or about March 30, 1903. He left children, issue of a former marriage. Ann Robertson also had children, issue of a former marriage.

---

[1] *Hansen* v. *O. S. L. R. Co.*, 55 Utah 577, 188 Pac. 852.

There was no issue of the marriage between William Robertson and Ann Robertson. William Robertson left a will directing that his executor sell certain real property described therein, the proceeds to be devoted to the support of his wife during the remainder of her natural life; also giving her certain moneys and other personal property. He likewise gave to his wife the right to occupy and use other real property owned by him. The will was admitted to probate. In due time the property was sold as directed and the proceeds used for the support of the widow. She occupied part of the premises in which she was given a life occupancy and received rent for the remaining part. The will also provided that the real property set aside for the use and occupancy of Ann Robertson should, at her death, be sold and the proceeds distributed to the children of the testator. Ann Robertson died February 4, 1918. Some months prior to her death it seems the United States government was desirous of obtaining a building site in Spanish Fork for a post office. Condemnation proceedings had been instituted by the government to obtain the property occupied by the widow. At the time of the institution of the condemnation proceedings neither the executor nor the widow deemed it necessary or advisable to employ counsel to represent the interests of the estate in the condemnation proceedings. Accordingly the defendant, Heber T. Robertson, and the other heirs of William Robertson employed counsel to represent their interests in that action. Such was the state of affairs on or about January 8, 1919. At that time Heber T. Robertson, in company with another, called on Ann Robertson for the purpose, as he contends, of ascertaining what she would accept in payment of her interest in the William Robertson estate. The defendant testified that he was acting under the direction of his counsel at the suggestion of the attorney for the government. There is much conflict as to just what took place at the interview, but as a result the deceased, Ann Robertson, signed the following:

"Agreement.

"Spanish Fork, Utah, January 8, 1918.

"I, Ann Robertson, wife of William Robertson, deceased, hereby

agree to the following concerning the settlement of the estate of William Robertson, deceased: 'That in consideration of the sum of $500.00 (five hundred dollars) I agree to sell all my rights, title and interest in the said estate to the other heirs of the property. In case said property sells for more than $5,000.00 I am to receive an equal share with the other heirs in the amount in excess of $5,000.00."

It is the theory of the plaintiff, and it is so alleged in the complaint, that defendant, Heber T. Robertson, promised and agreed that, if the deceased, Ann Robertson, would execute the foregoing paper he would himself pay the sum stipulated therein. On the other hand, it is the contention of defendant that he did not promise to make such payment, and that the real purpose of the agreement was to ascertain just what sum would be necessary to pay Ann Robertson for her interest in the property, and, having obtained that information and an agreement to that effect, the heirs of William Robertson were enabled to agree with the representatives of the government on the amount to be paid upon condemnation of the property. It is the testimony of the witnesses for the plaintiff respecting the interview at the date this agreement was presented to Ann Robertson that the defendant stated he would not make the payment at that time, but would make it whenever they received the money from the government. At any event the agreement was signed, and was a day or so later by the defendant delivered to counsel representing the Robertson heirs. No condemnation order or agreement was made until some months later, and in the meantime, on February 4, 1918, Ann Robertson died. After the order of condemnation was made the amount of the judgment of condemnation was paid to the executor of the William Robertson estate. Subsequently, and before the institution of this action, the executor made final report, and a decree distributing the residue of the estate to the heirs was entered and the probate proceedings closed. It is manifest that the paper signed by Ann Robertson contains no promise or stipulation on the part of defendant to pay the $500 mentioned, or any other amount. The testimony as to whether a verbal promise or agreement on his part was made to pay the amount is conflicting, and the jury, under in-

structions of the court to which no exception was taken, found the issues in favor of defendant. That ought to be, and must be, decisive of this appeal. The contract cannot be said to be a binding agreement on the part of Heber T. Robertson to pay Ann Robertson the sum sought to be recovered. If such promise was made, it was not included within the terms of the written agreement. On that point the agreement is silent. As stated, the evidence whether such a promise was made or not is conflicting.

Other questions not material to a determination of this appeal are discussed in the brief of counsel.

There is, however, an additional reason to which we think it well to briefly refer why this judgment must be affirmed and why this court cannot examine the record in order to determine the sufficiency or insufficiency of the evidence to justify the verdict. The assignment of error respecting insufficiency of the evidence to support the verdict is as follows:

"The court erred in refusing to grant the plaintiff a new trial, and particularly on the ground of the insufficiency of the evidence to justify the verdict, and that the verdict is against law."

There is nothing in the assignment attempting to specify or point out in what way the evidence is insufficient to justify the verdict. Neither is there anything in the motion for a new trial suggesting or pointing out to the district court wherein the evidence is insufficient to justify the verdict. Nor is there anything to indicate that the verdict is against law. The rules of this court and the necessity of specifying wherein the evidence is claimed to have been insufficient to support the judgment have recently been discussed by the court in *Hansen* v. *O. S. L. R. Co.*, 55 Utah 577, 188 Pac. 852. Other cases by this court relating to the same matter are referred to in that opinion.

There is no error in the record justifying a reversal. The judgment of the district court is therefore affirmed, with costs.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.